# NO. 12-15-00193-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JAMIE MAJORS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Jamie Majors seeks mandamus relief following the trial court's denial of his plea to the jurisdiction, motion to dismiss for lack of jurisdiction, and motion for continuance.[1] He contends that under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the trial court lacks subject matter jurisdiction to decide the underlying child custody dispute. For the reasons that follow, we deny the petition.

## BACKGROUND

Jamie and Heather Majors were divorced in Anderson County, Texas, on May 2, 2013. They had lived with their three children in Texas from August 2010 until November 2012 when Jamie left the family and returned to his home state of Virginia. In the divorce decree, the trial court appointed Jamie and Heather joint managing conservators of the children, and gave Heather the right to designate the children's primary residence. The month after the divorce, Jamie came to Texas with his father to pick up the children for Jamie's summer visitation as granted in the divorce decree.

---

[1] The real party in interest is Heather Michelle Majors. The respondent is the Honorable B. Jeffrey Doran, Judge of the County Court at Law, Anderson County, Texas.

Sometime during the summer of 2013, Heather decided to let the children stay with Jamie for the following school year. However, Jamie did not return the children to Heather, and they remain in Virginia.

In early July 2014, Jamie filed a petition to modify the parent-child relationship requesting to be named the joint managing conservator with the right to designate the children's primary residence. Heather filed a counter petition. On May 1, 2015, Jamie filed a combined plea to the jurisdiction, motion to dismiss for lack of jurisdiction, and motion for continuance. The trial court held a hearing on July 17, 2015, on this pleading.

At the hearing, Heather testified that she and Jamie had orally agreed the children would stay with Jamie for one year so that she could complete her nursing degree at Trinity Valley Community College and obtain her Texas nursing license. According to Heather, Jamie was to return the children to her at the end of the 2013-14 school year. She testified that she sent Jamie a written agreement that contained the terms of their oral agreement, but he had not returned it. She stated further that he had not abided by their agreement.

Heather also related that, in early June 2014 at a hearing on Jamie's child support arrearage, she asked the trial court to take his arrearage to a "zero balance" because he had kept the children during the 2013-14 school year. She stated that Jamie was supposed to return the children to her after she made this request, but did not do so. Michelle Meyers, Heather's mother, testified that after the child support hearing, she attempted to contact Jamie about picking up the children in Virginia to bring them back to Texas. She testified that Jamie would not answer her phone calls or texts. This occurred the month before Jamie filed his petition to modify.

Jamie testified there was no agreement limiting the time he was to keep the children. Meyers and Robert F. Majors (Jamie's father) both testified there was such an agreement. Jamie also stated that he never received a written agreement from Heather.

Jamie argued that the trial court should grant his plea and motions because the children had not been in Texas since June 2013. Further, they had attended school and church in Virginia for over two years and had established relationships with family and friends there. He also stated that the records for the children are now located in Virginia. Heather responded that but for Jamie's violation of their agreement and of the trial court's divorce decree, all of the

2

relationships and records that Jamie testified about would have been in Texas rather than Virginia.

The trial court rendered an order denying Jamie's plea to the jurisdiction, motion to dismiss for lack of jurisdiction, and motion for continuance. Jamie then filed this original proceeding asserting that the trial court abused its discretion by refusing to decline jurisdiction of the child custody proceeding. He also filed a motion for emergency relief, which we granted pending further order of this Court.

## PREREQUISITES TO MANDAMUS

A writ of mandamus will issue to correct a clear abuse of discretion committed by the trial court when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A writ of mandamus is an appropriate means to require a trial court to comply with the UCCJEA's jurisdictional requirements. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding). Construction of a UCCJEA provision as codified in the Texas Family Code is a question of law that we review de novo. *Id*.

A trial court abuses its discretion concerning factual matters if the record establishes that the trial court could reasonably have reached only one decision. *In re Milton*, 420 S.W.3d 245, 250 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding [mand. denied]). However, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 839. Thus, a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Id*.

The trial court, when it acts as a fact finder, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). The fact finder may choose to believe one witness and disbelieve another. *See id*.

## THE TRIAL COURT'S JURISDICTION

Jurisdiction in this child custody matter is determined by the UCCJEA, which Texas adopted effective September 1, 1999. TEX. FAM. CODE ANN. §§ 152.001-.317 (West 2014). The UCCJEA specifically grants exclusive continuing jurisdiction over child custody disputes to the state that made the initial custody determination and provides specific rules on how long this

3

jurisdiction continues. ***In re Forlenza***, 140 S.W.3d 373, 375 (Tex. 2004) (orig. proceeding). Section 152.202(a) governs the duration of the decree-granting state's exclusive continuing jurisdiction and states as follows:

> (a) Except as otherwise provided in Section 152.204, a court of this state which has made a child custody determination consistent with Section 152.201 or 152.203 has exclusive continuing jurisdiction over the determination until:
>
> > (1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
> >
> > (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

TEX. FAM. CODE ANN. § 152.202(a) (West 2014).

Under Section 152.202(a), Texas retains jurisdiction until a Texas court determines there is neither a significant connection with Texas nor substantial evidence available in Texas. *See id.*; ***In re Forlenza***, 140 S.W.3d at 379. Stated another way, exclusive jurisdiction continues in the decree-granting state as long as a significant connection exists or substantial evidence is present. ***In re Forlenza***, 140 S.W.3d at 379. But jurisdiction terminates if the relationship between the child and the parent remaining in the state with exclusive continuing jurisdiction becomes so attenuated that the court can no longer find a significant connection and substantial evidence is no longer present. *See* John J. Sampson et al., Sampson & Tindall's Texas Family Code Annotated § 152.202, Commissioners' Cmt. (22nd ed. 2012).

**Significant Connection**

Heather and Jamie were required by law to comply with the court's divorce decree of May 2, 2013. That divorce decree gave Heather the right to designate the children's primary residence. However, the public policy of Texas is to encourage parents to share in the rights and duties of raising their children after their marriage has been dissolved. *See* Tex. FAM. CODE ANN. § 153.001(a)(3) (West 2014). Parents are encouraged to enter into agreements with regard to the parenting of their children. *See id.* § 153.007(a) (West 2014). When parents reach such an agreement for the custody of the children, it should be reduced to writing and approved by the trial court that has jurisdiction in the matter. *See id.* § 153.007(a), (b); *see also* ***In re Kubankin***, 257 S.W.3d 852, 859 (Tex. App.—Waco 2008, orig. proceeding) (holding that agreements

4

regarding conservatorship and possession of a child remain unenforceable until approved by the trial court in a modification proceeding).

In this case, Heather testified that she and Jamie had an agreement that he would keep the children for one year. Heather's mother and Jamie's father also testified that such an agreement existed. The trial court with exclusive continuing jurisdiction had not approved this modification, and as a result, the divorce decree remained in effect. That meant that Heather still had the authority under the divorce decree to designate the primary residence of the children.

Heather testified that Jamie refused to return the children to her after the 2013-14 school year. The trial court did not abuse its discretion when it believed Heather's testimony. *See In re Forlenza*, 140 S.W.3d at 376. When parents are unable to agree between themselves as to the custody of their children, they are required by law to follow the trial court's decrees then in effect. *See In re Kubankin*, 257 S.W.3d at 859. When Jamie refused to return the children to Heather, he was in violation of the court's divorce decree. *See id*.

At the July 17, 2015 hearing, Heather testified that she lives in Anderson County, Texas, and identified numerous members of her immediate and extended families who live in Texas. She also described the type and frequency of family gatherings her children enjoyed when they were in Texas. She testified that she has a close relationship with her children and that her children have a close relationship with all of her family members. Jamie confirmed that the children are close to Heather and all of her family.

Nevertheless, Jamie contends that because the children have been with him in Virginia for over two years, they no longer have a significant connection to Texas. He relates here, as he did in the trial court, that the children have attended school and church in Virginia, have established relationships with family and friends there, and have not returned to Texas at all since he took them to Virginia. He also stated that all of the children's records are now in Virginia. However, the trial court reasonably could have believed that these circumstances would not exist if Jamie had not wrongfully retained the children in Virginia. *See In re Forlenza*, 140 S.W.3d at 376 (appellate court presumed trial court accepted as true mother's testimony that more visitation would have occurred in Texas but for father's interference). Therefore, we are disinclined to accord any weight to the attachments the children may have developed in Virginia following Jamie's refusal to follow the requirements of the divorce decree.

5

*See **In re Brilliant**, 86 S.W.3d 680, 692 (Tex. App.—El Paso 2002, no pet.). Jamie's jurisdictional arguments cannot be successful because of his wrongdoing. *See **id**.

Exclusive jurisdiction continues in the decree-granting state as long as the child and one parent have a significant connection to that state. TEX. FAM. CODE ANN. § 152.202(a); ***In re Forlenza***, 140 S.W.3d at 379. Heather and her family remain in Texas, and Jamie admits that the children have close relationships with them. We hold that the trial court did not err in concluding that the children have a significant connection to Texas. Jamie also argues that substantial evidence no longer exists in Texas. *See* TEX. FAM. CODE ANN. § 152.202(a). However, we need not address that argument because the children have a significant connection to Texas. *See **id**.

## DISPOSITION

Because the children have a significant connection to Texas, the trial court did not abuse its discretion in retaining jurisdiction of the underlying proceeding. Therefore, Jamie has not shown that he is entitled to mandamus relief. We ***deny*** Jamie's petition for writ of mandamus and ***lift our stay of proceedings*** ordered on October 21, 2015. All pending motions are overruled as moot.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 3, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### DECEMBER 3, 2015

### NO. 12-15-00193-CV

### JAMIE MAJORS,
Relator
V.
### HON. B. JEFFREY DORAN,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JAMIE MAJORS**, who is the relator in Cause No. CCL-12-13811, pending on the docket of the County Court at Law of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on July 29, 2015, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*